IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEGACY MILLS, LLC,

      Plaintiff,

v.                                                                          Civ. No. 21-950 MV/SCY

NATIONAL SURETY CORPORATION,

      Defendant.

## ORDER DENYING MOTION TO AMEND SCHEDULING ORDER AND GRANTING MOTION TO STAY BRIEFING

This matter comes before the Court on Plaintiff's Opposed Motion To Amend The Scheduling Order Pursuant To The Court's Ruling On Outstanding Motions, filed August 26, 2022. Doc. 60. Plaintiff moves to "amend the scheduling order and lift the current motion deadlines, including Plaintiff responses." *Id.* at 3. Defendant opposes the motion. Doc. 68. Plaintiff did not file a reply.

The current scheduling order provides that discovery terminated on July 29, 2022; discovery motions were due August 19, 2022; and all other motions were due August 26, 2022. Doc. 21. On May 17, 2022, Plaintiff filed its Opposed Motion To Stay Discovery Pending Completion Of Appraisal. Doc. 33. On August 25 and August 26, Defendant filed several pretrial motions according to the deadline in the scheduling order. Docs. 57-59.

On September 2, the presiding judge granted Plaintiff's motion to compel an appraisal, ordering the parties to engage in the alternate dispute resolution process outlined in the insurance policy at issue. Doc. 66. Regarding the motion to stay discovery, the Court held:

> Plaintiff also moves to stay discovery pending the results of the appraisal. Doc. 39. But discovery ended in this case on July 29, 2022. Doc. 21. Therefore, the

> request to stay discovery is moot. However, the Court will vacate the pretrial order deadlines, and will refer the case to Judge Yarbrough to hold a status conference after the appraisal to determine the parties' position on whether additional discovery or motions practice is appropriate.

Doc. 66 at 8.

In the present motion to amend the scheduling order, Plaintiff requests that the Court amend the scheduling order to permit additional discovery (such as the deposition of Plaintiff's expert) and additional motions practice after the appraisal is completed. Doc. 60 at 3-4. In response, Defendant states that it "appears that Plaintiff's Motion to Amend the Scheduling Order is now moot based on the above quoted language" from the Court's order. Doc. 68 at 1. "[I]n the event Plaintiff's Motion to Amend the Scheduling Order is not moot, the Motion should be denied for the same reasons this Court outlined in its Order Denying Motion to Amend Complaint," that is, failure to show good cause to amend the deadlines in the scheduling order. *Id.* Defendant opposes additional discovery or motions practice following the appraisal, but if motions practice is permitted, Defendant reserves its right to file a motion to compel related to Plaintiff's recent discovery responses. *Id.* at 2-3.

The Court finds that the request to amend the scheduling order is unripe. Whether additional discovery or motions practice will be needed in light of the appraisal cannot be determined with certainty at this time, before knowing the results of the appraisal. Therefore, the Court denies the request to amend the scheduling order.

To the extent Plaintiff requests that the briefing on Defendant's pretrial motions be stayed, the Court grants this limited relief. Defendant's motions may or may not be mooted by the appraisal, and it would be burdensome to require Plaintiff to brief dispositive motions that may be mooted. Again, the Court cannot take up the issue of whether the motions are actually moot until after the appraisal is completed. However, the Court stays briefing on Docs. 57, 58,

and 59 pending completion of the appraisal and the determination of whether the motions are moot.

SO ORDERED.

_____
STEVEN C. YARBROUGH
United States Magistrate Judge