IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEGACY MILLS, LLC,

      Plaintiff,

v.                                                                                    Civ. No. 21-950 MV/SCY

NATIONAL SURETY CORPORATION,

      Defendant.

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION FOR SANCTIONS AND GRANTING LEAVE TO FILE SURREPLY**

This matter comes before the Court on Defendant National Surety Corporation's Motion For Sanctions, filed August 4, 2022. Doc. 50. Plaintiff filed a response in opposition, Doc. 56, and Defendant filed a reply, Doc. 63. Following this completion of briefing, Plaintiff filed a motion for leave to file a surreply, Doc. 67, which Defendant opposed, Doc. 69. Plaintiff did not file a reply in support of the motion for a surreply.

In the motion, Defendant argues that Plaintiff failed to participate in the discovery process in good faith. Doc. 50 at 1. Defendant argues that Plaintiff sought leave to file a first amended complaint that contained factual allegations that should have been disclosed previously in discovery, and contends that, as a sanction, Plaintiff should be precluded from relying on these untimely disclosed facts. *Id.* at 1-2, 7-8.

Plaintiff does not contest that it failed to timely disclose and/or supplement with respect to the factual allegations at issue. Indeed, Plaintiff agrees to supplement its discovery answers. Doc. 56 at 1. However, Plaintiff argues there has been no prejudice to Defendant. *Id.* at 2-4. The Court agrees, and denies Defendant's request to exclude evidence. However, the Court grants

Defendant's request for attorney's fees because Plaintiff agreed to supplement its insufficient discovery answers only after Defendant filed the present motion.

A.     Background

This dispute pertains to alleged damage caused by hail and windstorms on August 9, 2017. Doc. 1-2 ¶ 4 (Compl.). At the time of the storm, Bencor Mills, LLC owned the property and it filed an insurance claim with Defendant for the damage. *Id.* During the course of the claim, Bencor Mills, LLC sold the property to Plaintiff and assigned Plaintiff the insurance claim. *Id.* ¶ 6.

There have been conflicting opinions as to whether the hailstorm caused the damage. In 2017, Defendant hired Charles Bonal, who opined there was hail damage to the roof and HVAC units. *Id.* ¶ 5. Plaintiff engaged Aspen Contracting Inc. to prepare a repair proposal in 2018. *Id.* ¶ 7. Defendant then retained a professional engineer, Jim D. Koontz, who issued a report disagreeing with Bonal's findings of hail damage. *Id.* Koontz opined the roof had not been damaged by any recent hail event and was overall in good condition. *Id.* In 2020, Plaintiff hired PSM Consultants to investigate the property, review Koontz's report, and provide another opinion on damages. PSM Consultants opined that the damage present at the property and the roof leaks appeared to be caused by hail. *Id.* ¶ 11.

Plaintiff filed this case in state court on August 16, 2021. *Id.* at 1. The complaint brings claims for breach of the contract of insurance, claims under the New Mexico Unfair Insurance Claims Practices Act, and bad faith claims based on underpayment, reversal of coverage, and failure to respond to new and vital information regarding the claim. *Id.* at 4-6. Defendant removed the case to federal court on September 28, 2021. Doc. 1. Under the current scheduling order, expert disclosures were due March 25 and May 6, 2022; discovery terminated July 29,

2022; discovery motions were due August 19, 2022; and pretrial motions were due August 26, 2022. Doc. 21.

On November 15, 2021, Defendant served its first set of discovery requests on Plaintiff. Doc. 16. Plaintiff served responses and objections on January 21, 2022. Doc. 47-1 at 2.[1] Defendant then sent a February 2, 2022 letter to Plaintiff identifying several perceived deficiencies in the responses and requesting that Plaintiff supplement its answers no later than February 8, 2022. Doc. 47-3 at 11. On March 21, Plaintiff's counsel invited defense counsel to speak by phone about the letter. Doc. 56 at 26. It appears that Plaintiff did not serve any supplemental responses prior to the filing of the motion for sanctions. Nor did Defendant file a motion to compel supplemental responses.

Defendant filed a Motion for Summary Judgment on June 14, 2022, arguing that Plaintiff violated the two-year time-to-sue clause in the insurance policy and the case should be dismissed as untimely. Doc. 37. On June 28, 2022, Plaintiff filed its Opposed Motion For Leave To File First Amended Complaint. Doc. 42. Defendant argues that the proposed amended complaint contained factual allegations that should have been disclosed in response to Defendant's first set of discovery. Doc. 50 at 3. In particular, Defendant argues the following, previously undisclosed, new facts appeared in the proposed amended complaint:

*Paragraph 6.* Tenants complained to Bencor Mills about leaking on or about September 27, 2017. Doc. 42-1 ¶ 6. Defendant does not explain in the motion to which discovery request this information was responsive.

---

[1] It does not appear that Plaintiff filed a certificate of service on the docket, although this is required by D.N.M.LR-Civ. 26.2.

3

*Paragraph 8.* Bill Johnson, one of Plaintiff's managers, spoke to Defendant's adjuster, James Tannheimer, on November 8, 2017. Doc. 42-1 ¶ 8. Johnson told Tannheimer that it didn't "just hail on half the roof," and he wanted to wait until after the winter months before replacing the roof. *Id.* Defendant argues this should have been disclosed in response to Interrogatory 8, asking Plaintiff for "all communications between you and any employee of Defendant," and to provide "names of the persons who participated in and/or were present for the communication, method of communication, and the substance of the communication." Doc. 47-1 at 6-7. Plaintiff objected to the interrogatory, referred Defendant to the accompanying document production, and stated that Plaintiff would "continue to look for all communications relevant to this request." *Id.* at 7.

*Paragraph 9.* Plaintiff and Aspen Roofing[2] had a phone call in February 2018 in which Aspen Roofing "informed Mr. Johnson that numerous roofs in the area had been severely damaged by the recent hailstorms and offered to jump on the roof of the Property to perform a more thorough inspection." Doc. 42-1 ¶ 9. Defendant argues this should have been disclosed in response to Interrogatory 16 asking Plaintiff to describe in detail "all consultations . . . performed on any part of the Property's roof" since January 1, 2011. Doc. 47-1 at 10. Plaintiff did not object, and responded, with no further detail: "Plaintiff recalls consultations with Aspen Roofing and Commercial roofing regarding repairs after the August 2017 hail event." *Id.*

*Paragraph 10.* Johnson engaged Aspen Roofing on March 12, 2018. Doc. 42-1 ¶ 10. Defendant argues this should have been disclosed in response to Interrogatory 16, asking about consultations and other work performed on the property, and Interrogatory 13, asking to

---

[2] The original complaint refers to this entity as "Aspen Contracting Inc." while the amended complaint refers to "Aspen Roofing."

4

"identify all contracts between you and any adjuster(s) and/or contractor(s) not employed or retained by Defendant that refer, concern, or relate to the incident and/or your claim." Doc. 47-1 at 9-10. Plaintiff did not object to Interrogatory 13, and responded, with no further detail: "Plaintiff had a contract with Aspen Roofing . . . . See Aspen Roofing contract produced with these discovery responses." *Id.* at 9.

*Paragraph 14.* Johnson had multiple conversations between September 27, 2018 and November 8, 2018 explaining to Tannheimer that "great time and effort was spent in negotiating the assignment of the claim." Doc. 42-1 ¶ 14. Defendant argues this should have been disclosed in response to Interrogatory 8, described above.

In response, Plaintiff does not argue that the discovery responses were sufficient and does not dispute that supplementation is required. Doc. 56 at 1-2. Plaintiff represents that it will supplement its discovery responses by September 2, 2022.[3] Instead, Plaintiff argues that no other sanctions should be imposed because the failure was "harmless" in that Defendant has not suffered any prejudice from the failure to disclose this information. Doc. 56 at 2-3. Plaintiff argues that Defendant was already aware of almost all of these facts before Plaintiff filed the motion for leave to amend the complaint. *Id.*

In reply, Defendant asserts that it suffered prejudice because it "was forced to file a motion for summary judgment without access to the information Plaintiff has withheld." Doc. 63 at 3. Defendant states that, before filing its motion for summary judgment, it was aware that Legacy Mills had a conversation with Aspen Roofing in February 2018 but not aware of the contents of that conversation—specifically that Aspen informed Plaintiff that numerous roofs in

---

[3] There is no certificate of service on the docket reflecting whether this supplementation has been served. If no supplementation has been provided, Defendant should file a notice on the docket so advising the Court.

the area had been severely damaged by the recent hailstorms. *Id.* In its response in opposition to the motion for summary judgment, Plaintiff also referenced, and attached as exhibits, documents that were not previously produced. *Id.* at 4. This included a Business Records Affidavit regarding 46 pages of records; emails to which Defendant was not a party; and a "Memo for Record" dated April 9, 2018. Doc. 45-2. Defendant argues this prejudice cannot be cured by re-opening discovery because "1) Plaintiff already has reviewed [Defendant]'s dispositive motions and 2) [Defendant] has invested thousands of dollars in pretrial briefing." Doc. 63 at 6 n.1.

Plaintiff then filed a motion for leave to file a surreply. Doc. 67. Plaintiff argues that Defendant's response "contains certain assertions and citations that require a response from Plaintiff in order that the issues before the Court are fully briefed." *Id.* In the attached surreply, Plaintiff claims that Defendant "prevented" the parties from taking the depositions of Bonal and Tanneheimer. *Id.* at 4. Plaintiff alleges that this deposition testimony would have shown that Defendant, through Bonal and Tanneheimer, was already aware of the new facts in the proposed amended complaint. *Id.* at 4-5. Plaintiff also points out that Defendant was not "forced" to "rush[] to the courthouse to file" an early motion for summary judgment prior to taking depositions and completion of discovery. *Id.* at 5.

In its response in opposition to the motion for leave to file a surreply, Defendant contends that there were no "new" arguments in the reply to justify a surreply. Doc. 69 at 1-2. Defendant indicates that the parties were working on scheduling depositions, when Plaintiff indicated that Plaintiff would prefer to stay discovery pending the results of the appraisal. *Id.* at 2-3. Finally, Defendant asserts that it did not "rush" to file its motion for summary judgment prematurely: Defendant "filed its Motion for Summary Judgment for Lack of Causation and Duty and Memorandum in Support, [Doc. 59], on August 26, 2022, in order to comply with this Court's

motions deadline of August 26, 2022, as laid out in the Scheduling Order." *Id.* at 4 (brackets in original).

      B.      <u>Discussion</u>

Defendant argues Plaintiff's conduct falls under Federal Rule of Civil Procedure 37(c), which governs a litigant's failure to disclose information required by Rule 26(a) (initial disclosures) and Rule 26(e) (supplementation). Doc. 50 at 2. If a party fails to supplement discovery responses under Rule 26(e), the offending party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or in lieu of this sanction, the court may impose various other lesser or greater sanctions. *Id.*

First, the Court finds that Plaintiff violated its duty to fully respond to or to supplement its responses to Defendant's discovery requests as outlined above, and Plaintiff does not argue otherwise. Second, the Court finds that Rule 37(c) governs this conduct, and again Plaintiff does not argue otherwise. Finally, because Plaintiff does not argue the violation was "substantially justified," the Court examines only whether it was "harmless."

As laid out above, Defendant has just one argument for why the violations were harmful: Defendant filed a motion for summary judgment on June 14, 2022 without knowing about these undisclosed facts. The only fact that Defendant represents it did not know about, however, was that Aspen Roofing in February 2018 informed Plaintiff that numerous roofs in the area had been severely damaged by the recent hailstorms and offered to inspect Plaintiff's property to look for hail damage. Doc. 63 at 3. But the motion for summary judgment in question focused on the two-year time-to-sue provision in the contract, and Plaintiff argued in response that Defendant waived the time-to-sue provision by leading Plaintiff to believe the claim would be settled

without litigation. Doc. 45 at 8-9. The relevance to this argument of a conversation between Plaintiff and a third party is not immediately obvious, and Defendant does not explain it.

Plaintiff also argues that any prejudice Defendant suffered was of Defendant's own making. Specifically, Plaintiff argues it was Defendant who chose to file a mid-discovery motion for summary judgment instead of a motion to compel complete discovery responses. The Court does not agree that this issue is of Defendant's own making; after all, it was Plaintiff, not Defendant, who failed to provide complete discovery in response to appropriately filed discovery requests.

The Court does agree, however, that Defendant did not avail itself of an opportunity to mitigate any prejudice it might suffer. Defendant knew Plaintiff provided deficient responses to its discovery requests as demonstrated through the February 2, 2022 letter Defendant sent to Plaintiff saying so. Doc. 47-3. When Plaintiff did not supplement its answers after receiving Defendant's letter, however, Defendant chose not to file a motion to compel. Instead, Defendant filed a motion for summary judgment and then this motion for sanctions. In other words, Defendant did not avail itself of the opportunity to force Plaintiff to produce the information earlier through a motion to compel. That Defendant could have mitigated any prejudice it suffered through the use of this tool, however, does not vindicate Plaintiff's failure to timely provide the discovery it should have timely provided.

Plaintiff further attempts to shift blame to Defendant by asserting that Defendant "rushed" to file a summary judgment motion. Defendant responds that it filed its motion by the pretrial motions deadline after discovery closed. Doc. 69 at 4. The Court rejects Plaintiff's insinuation that a party's decision not to provide timely discovery imposes on the other party a

duty to delay filing a dispositive motion for want of the discovery it should have already received.

Defendant's response to Plaintiff's allegations regarding the timing of its summary judgment motion, however, is reminiscent of a shell game. In explaining when it filed its summary judgment motion, Defendant shifts the focus from the June motion for summary judgment regarding time-to-sue, and onto an August motion for summary judgment regarding Plaintiff's expert testimony. *Id.* But the August motion was filed *after* Defendant learned, in June, about the new facts in Plaintiff's proposed amended complaint. Defendant's original prejudice argument (made in its reply in support of its motion for sanctions) related to the summary judgment motion Defendant filed in June—not the one it filed in August. Defendant's recent movement of the issue from the June shell to the August shell disguises the issue's origin. The only motion for summary judgment Defendant filed before it learned these new facts is the one it filed in June, two months before the dispositive motions' deadline.

Next, Defendant argues sanctions are appropriate because it learned about the new information only after it "waived its right to file a Motion to Compel regarding the discovery responses and production (because NSC was under the impression that Legacy Mills did not have any further documents)." Doc. 63 at 6. If Plaintiff indeed stated that it had produced all responsive documents and fully answered the interrogatories based on all the information in its possession, custody, and control—but it actually had not done so—sanctions such as exclusion of the evidence might be warranted under certain circumstances.

However, in the context of this case, the Court rejects Defendant's argument. Although Defendant asserts that it was under the impression Plaintiff did not have any further "documents," its motion for sanctions was not based on undisclosed *documents*. Defendant first

9

raised the issue of documents in reply. Defendant's motion for sanctions pertained to new *allegations* in the proposed amended complaint, Doc. 50 at 3-4, and highlighted the *interrogatories* requesting such information, *id.* at 5-7. Defendant does not argue that before it filed its motion for summary judgment, it was under the impression that Plaintiff had fully answered the interrogatories and had no new facts to disclose. To the contrary, Defendant's February 2, 2022 letter states that Plaintiff's responses to the interrogatories in question are incomplete and requests Plaintiff to supplement those responses. Doc. 47-3 at 4, 6.

The lack of unfair prejudice Plaintiff's belated disclosure has caused Defendant militates in favor of denying Defendant's request for "an order that precludes Plaintiff from using any of the information or documentation in this matter that it has failed to previously disclose in discovery." Doc. 50 at 7. In addition to this, granting Defendant the relief it requests potentially would deprive the factfinder of information it needs to achieve the over-arching goal of our judicial system: the discovery of truth. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits."). Because the violation did not cause any identifiable harm to Defendant other than causing an expenditure of attorney's fees, Rule 37(c) does not operate to prohibit the offending party from using the undisclosed information. Nor will the Court exercise its discretion to do so in the absence of an applicable mandatory instruction in Rule 37(c), as it appears that almost all of the "new" facts were previously known, or should have been known, to Defendant.

However, Rule 37(c) also states that, "[i]n addition to or instead of [excluding evidence], the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Defendant requests "an award of attorneys' fees in an amount to be determined by

10

the Court to compensate [Defendant] for the need to engage in motion practice related to Plaintiff's discovery-related failures." Doc. 50 at 7-8. Plaintiff had the opportunity to be heard on this request in its response brief. Plaintiff did not dispute that it failed to disclose documents it used in support of its case in opposition to the summary judgment motion; that it failed to provide complete answers to Defendant's interrogatories; that it did not supplement its responses when Defendant first pointed to the deficiencies; and that it agreed to supplement only after the motion for sanctions was filed. *See* Fed. R. Civ. P. 37(a)(5)(A) ("if the disclosure or requested discovery is provided after the motion was filed" the court must order fee-shifting for the "reasonable expenses incurred in making the motion, including attorney's fees"). The Court will grant Defendant's request for attorney's fees in connection with the motion for sanctions.[4]

### C. Motion for Surreply

The Court grants the motion for leave to file a surreply. Defendant filed a motion under Rule 37(c) requesting exclusion of evidence, but Rule 37(c) states that this is not a mandatory remedy if the violation was substantially justified or harmless. Yet, in its motion, Defendant did not address these factors. Plaintiff briefed the factors in its response without the benefit of knowing Defendant's position on them. Therefore, the Court finds that Plaintiff's request to file a surreply was appropriate. In addition, there is no unfairness to Defendant as Defendant had the opportunity to address, and did address, the assertions in the surreply in its response in opposition to the motion for leave.

---

[4] The Court shifts fees for the filing of the initial motion for sanctions *only* (Doc. 50). Plaintiff agreed to supplement its answers in the response, and further briefing (Docs. 63 and 69) was devoted to other issues—issues on which the Court has ruled against Defendant. Of course, this analysis is subject to change if Plaintiff has not actually supplemented its answers.

## CONCLUSION

The Court DENIES IN PART AND GRANTS IN PART Defendant National Surety Corporation's Motion For Sanctions, Doc. 50. The Court GRANTS Plaintiff's Motion For Leave To File Surreply Memorandum In Opposition To Defendant's Motion For Sanctions, Doc. 67.

The Court orders Plaintiff to pay to Defendant the expenses Defendant incurred in preparing and filing the motion for sanctions. Within **7 days** of the date of this Order, Defendant shall file an affidavit outlining these expenses. Within **7 days** after Defendant files the affidavit, Plaintiff may file objections to the amount of fees Defendant requests.

SO ORDERED.

STEVEN C. YARBROUGH
United States Magistrate Judge