IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEGACY MILLS, LLC,

    Plaintiff,

v.                                                            Civ. No. 21-950 MV/SCY

NATIONAL SURETY CORPORATION,

    Defendant.

## ORDER SETTING AMOUNT OF ATTORNEY'S FEES

This matter comes before the Court on Defendant's Cost Bill, filed October 31, 2022. Doc. 74. Plaintiff filed objections on November 7. Doc. 75. These filings come after the Court awarded fee shifting on October 24 in connection with Defendant's Motion for Sanctions (Doc. 50), on the grounds that Plaintiff did not dispute that it failed to disclose documents it used in support of its case in opposition to Defendant's summary judgment motion; that it failed to provide complete answers to Defendant's interrogatories; that it did not supplement its responses when Defendant first pointed to the deficiencies; and that it agreed to supplement only after the motion for sanctions was filed. Doc. 71 at 11 (citing Fed. R. Civ. P. 37(a)(5)(A) ("if the disclosure or requested discovery is provided after the motion was filed" the court must order fee-shifting for the "reasonable expenses incurred in making the motion, including attorney's fees")). The Court further notes that Plaintiff agreed to supplement in response to the motion for sanctions filed on August 24. Plaintiff did not supplement prior to the issuance of the court order, but eventually supplemented on October 31. Doc. 73.

Defendant states that it "incurred $2,139 (6.9 hours) in connection with researching and drafting the Motion for Sanctions." Doc. 74 at 1. Plaintiff's objections first contend that fee-

shifting would be "unjust." Doc. 75 at 1-2; *see also* Fed. R. Civ. P. 37(a)(5)(A) & (iii) ("the court must not order [fee shifting] if . . . other circumstances make an award of expenses unjust"). Plaintiff argues that Defendant "never availed itself of the opportunity to mitigate expenses and seek production of information through a motion to compel" and that "[t]his is not a case in which Plaintiff ignored a discovery order upon a motion to compel." Doc. 75 at 2. Plaintiff misunderstands the basis for the award of expenses. The Court awarded expenses because Plaintiff did not supplement its interrogatory responses as required by Rule 26 until *after* Defendant filed a motion. Rule 37(a)(5) clearly contemplates cost-shifting in this instance; the existence of a court order is not relevant to this subsection. That Defendant filed a motion for sanctions rather than a motion to compel appears irrelevant, when Rule 37(a)(5) would certainly have provided fees had Defendant filed a motion to compel instead.

      Plaintiff also argues the parties were trying to schedule depositions in good faith. Doc. 75 at 2-3. The relevance of deposition scheduling to Plaintiff's insufficient interrogatory answers is not clear.

      Next, Plaintiff argues Defendant filed to meet and confer. Doc. 75 at 3; *see also* Fed. R. Civ. P. 37(a)(5)(A) & (i) ("the court must not order [fee shifting] if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"). Plaintiff acknowledges Defendant sent a pre-motion letter highlighting the same interrogatory deficiencies the Court found to have occurred. Doc. 75 at 3. Nonetheless, Plaintiff complains that the "motion did not contain a formal, pre-motion filing certification as contemplated by Fed. R. Civ. P. 37(a)(1)." *Id.* Plaintiff misunderstands the rule. Rule 37 does not require a *pre-motion* filing certification. It says the motion itself must "include" such a certification. Fed. R. Civ. P. 37(a)(1). Defendant's motion includes such certification and details

the history of Defendant's good-faith conferral efforts. Doc. 50 at 1 ("Defendant attempted to confer with Plaintiff regarding the relief requested herein but did not receive any response."); *id.* at 5 (Defendant "addressed this deficiency with Plaintiff in its February 2, 2022 good faith letter. See February 2, 2022 Good Faith Correspondence from NSC to Plaintiff, attached as Exhibit C to Doc. 47 (Doc. 47-3)."). This satisfied Rule 37(a)(1).

Finally, Plaintiff objects that "6.9 attorney hours for a 7-page motion is excessive" and requests the Court limit recovery to 4 hours. Doc. 75 at 3. Defendant's filing does not include a description of the tasks associated with the claimed time, but states that it "will submit a copy of the time entries associated with the costs outlined above for in camera review upon the Court's request." *Id.* at 2. The accompanying attorney affidavit likewise does not describe the tasks or provide justification for the requested hourly rate. *Id.* at 3.

Nonetheless, the Court disagrees with Plaintiff and finds the hours reasonable. The procedural history of the dispute was complicated. The motion referenced many other filings and exhibits related to the dispute. The motion addressed each undisclosed fact and which interrogatory the fact was responsive to. The motion addressed whether the conduct was willful. To the extent that this was done efficiently in 7 pages, the Court encourages efficiency.

"To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). In this case, Defendant bears the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id.* at 1510. Defendant must also provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983).

Even though Plaintiff does not challenge the requested hourly rate, the Court must independently consider whether the rate is reasonable. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (internal quotation marks omitted). The Court must review "evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* at 1224-25. "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987); *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) ("The setting of a reasonable hourly rate is within the district court's discretion."). "[I]f the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998)

The attorney affidavit attached to the Bill of Costs does not set forth the billing attorney's skill, experience, or reputation in the community. The fee request is for $310 per hour. However, the Court's knowledge of average billing rates and its review of other cases in this district indicates that an hourly rate of $250 is more appropriate without further information as to expertise or experience. *See Schauff v. Tripathi*, No. 20cv590, 2022 WL 1404598, at *2 (D.N.M. May 4, 2022) (awarding this rate with no information on attorney experience or expertise). Therefore, the Court will grant fees of 6.9 hours at $250 an hour for a total of $1,725.

**IT IS THEREFORE ORDERED** that Plaintiff Legacy Mills, LLC shall pay Defendant $1,725 in connection with Defendant's Motion for Sanctions. Such payment shall be due no later

than two weeks from the date of this Order. Failure to timely either make this payment or request an extension of time may subject Plaintiff to additional sanctions.

*[signature]*
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**